UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:03-cr-0157 (M/F) |
| | ) | |
| AMANDA DILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on December 2, 2010, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on November 24, 2010, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on February 8, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Ms. Dill appeared in person with her appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender. The government appeared by Josh Minkler, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18 U.S.C. Subsection 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Ms. Dill in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Dill and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Ms. Dill was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Ms. Dill was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Dill was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Dill had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Mr. Donahoe stated that Ms. Dill would stipulate there is a basis in fact to hold her on the specifications of violation of supervised release set forth in the Petition. Ms. Dill executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Ms. Dill, by counsel, stipulated that she committed the specified violations as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any substances, except as prescribed by a physician.** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, the offender submitted a urine sample on July 23, 2010, which tested positive for amphetamines. The offender admitted using methamphetamines. |
| **4** | **"The defendant shall reside for a period of 180 days at Volunteers of America, Indianapolis, Indiana, and shall observe the rules of that facility."** |
| | On November 16, 2010, the offender left the Volunteers of America (VOA) without permission after being placed on lock down status due to non-compliant behavior. |

Counsel for the parties stipulated the following:

(1) Ms. Dill and the government agreed they were ready to proceed to disposition on

the pending Petition to revoke supervised release in open Court this date.

(2) Ms. Dill admitted she committed the violations of specifications set forth in the Petition to Revoke Supervised Release stated above.

(3) Ms. Dill has a relevant criminal history category of I. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Ms. Dill constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Ms. Dill is 4-10 months.

(6) The parties agreed on the appropriate disposition of the case as follows:

    a. The defendant be sentenced to a period of confinement of five months to the custody of the Attorney General.

    b. Upon completion of the confinement of five months to the custody of the Attorney General, defendant will be placed on two years of supervised release, a condition of which requires 63 days at a residential reentry center, namely, Volunteers of America, in Indianapolis, Indiana.

    c. During her supervised release, defendant will be subject to the previously-imposed conditions ordered at the time of sentencing.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

9. The Court then placed Ms. Dill under oath and inquired directly of her whether she admitted committing the violations of supervised release contained in the Petition. Ms. Dill admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Amanda Dill, violated the above-delineated conditions in the Petition.

Ms. Dill's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of five months. Upon completion of the confinement of five months to the custody of the Attorney General, defendant will be placed on two years of supervised release, a condition of which requires 63 days at a residential reentry center, namely, Volunteers of America, in Indianapolis, Indiana. During her supervised release, defendant will be subject to the previously-imposed conditions ordered at the time of sentencing. The service of the sentence shall begin immediately.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Dill stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Ms. Dill's supervised release and imposing a sentence of imprisonment of five months to the custody of the Attorney General or his designee. Upon completion of the confinement of five months to the custody of the Attorney General, defendant will be placed on two years of supervised release, a condition of which requires 63 days at a residential reentry center, namely, Volunteers of America, in Indianapolis, Indiana. During her supervised release, defendant will be subject to the previously-imposed conditions ordered at the time of sentencing.

**IT IS SO RECOMMENDED** this 10th day of February, 2011.

                                            Kennard P. Foster, Magistrate Judge
                                            United States District Court

Distribution:

Josh Minkler,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
One Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal